# EXHIBIT C

IN THE MATTER OF THE ARBITRATION ORDINANCE (CAP. 341)

and

IN THE MATTER OF AN ARBITRATION

---

BETWEEN

| | |
|---|---|
| CHINA NATIONAL BUILDING MATERIAL INVESTMENT CO LTD (formerly known as "BND Co Ltd") | Claimant |
| and | |
| BNK INTERNATIONAL LLC | Respondent |

---

## FINAL AWARD (ON COSTS)

**WHEREAS:-**

1. On or about 8 May 2004, the Claimant (formerly trading in the name of "BND Co Ltd") entered into a written agreement with the Respondent for the sale and marketing of the Claimant's hardwood floor products in the United States of America ("the Agreement").

2. Clause 28 of the Agreement provides that any controversy or claim between the parties arising out of or relating to the Agreement or the breach thereof shall be submitted to arbitration held in Hong Kong.

3. An arbitral tribunal, consisting of

1

      **Mr. Philip Yang**, appointed by letter from the Claimant on 30 January 2008,

      **Mr. Fred Kan**, appointed by letter from the Hong Kong International Arbitration Centre on 22 May 2008, and

      **Mr. Danny Choi**, jointly appointed by Mr. Philip Yang and Mr. Fred Kan on 28 May 2008,

      has been properly constituted to arbitrate in a dispute that has arisen out of or in relation to the Agreement.

4. On 1 December 2008, an oral hearing was held in Hong Kong. As the Respondent was absent from the hearing, we directed that a transcript of the hearing, taken by the Merrill Legal Solutions staff, be sent to Messrs. DLA Piper Hong Kong ("the Respondent's solicitors").

5. On 10 December 2008, we directed that the oral hearing be resumed in Hong Kong on 20 January 2009 to hear the evidence of Mr. Jeffrey Chang ("Mr. Chang"), the President of the Respondent, who, according to the Respondent's solicitors, should be able to travel to Hong Kong from early January 2009.

6. On 6 January 2009, Mr. Chang confirmed to the tribunal that he would not attend the hearing on 20 January 2009 but he would proceed with this case without a legal counsel representing the Respondent and would himself furnish to the tribunal further written submissions. We then received and took into account further written submissions from both the Claimant's legal representative, Global Law Office ("GLO") and Mr.

Chang.

7. On 23 January 2009, we published the Final Award (Save As To Costs). We also made an Order Nisi on costs in that Award.

8. On 4 February 2009, we received a request from GLO for an award that all the arbitration costs shall be borne by the Respondent including all the legal fees paid by the Claimant, that is, RMB¥2,000,000.00 rather than HK$1,000,000.00.

9. On 10 February 2009, we directed the Claimant to make a full written submissions, by 13 February 2009, as to why the tribunal should award costs as contended for.

10. There being no written submission from the Claimant by 13 February 2009, we received, on 27 February 2009, a request from GLO to issue the Final Award on costs.

11. In making a provisional order on costs, we made it clear that we were open to persuasion. We expected that GLO would, by way of a full written submission, convince us why we should vary the provisional order on costs but GLO did not attempt to do so. We have, nevertheless, reviewed the Order Nisi on costs. We accept that all the arbitration costs shall be borne by the Respondent but we see no reason to disturb our ruling that the proper scale of costs in this case should be on the party and party basis. On this basis, the losing party is only liable for a reasonable amount in respect of all legal costs reasonably incurred by the winning party. Given the nature of the claim and the work involved

in this reference, we have assessed a reasonable amount of the attorney fees at. We are convinced that the terms of the Order Nisi on costs ought to be made absolute. Exercising our power under section 2GJ(1) of the Arbitration Ordinance. (Cap.341) we hereby tax and settle the costs of arbitration (including the fees and expenses of the tribunal) as follows:-

|  | Amount (HK$) |
|---|---|
| Tribunal's fees | 414,400.00 |
| Transcription & interpretation fees | 48,000.00 |
| Booking fee of the hearing room | 27,000.00 |
| Attorney's fees | 1,000,000.00 |
| Total: | 1,489,400.00 |

NOW, the arbitral tribunal, consisting of

**Mr. Danny Choi** of Room 87, 8/F, New Henry House, 10 Ice House Street, Central, Hong Kong,

**Mr. Philip Yang** of Unit A, 18/F, Casey Building, 38 Lok Ku Road, Sheung Wan, Hong Kong, and

**Mr. Fred Kan** of 3104 Central Plaza, 18 Harbour Road, Hong Kong.

having assumed the burden of this arbitration and for the above reasons, do hereby AWARD AND ADJUDGE that:-

(1) The Respondent shall bear and pay its own costs and shall forthwith pay to the Claimant costs of arbitration (including the fees and expenses of the tribunal) on a party and party basis which we now tax and settle at HK$1,489,400.00 (Hong Kong Dollars One Million Four Hundred Eighty Nine Thousand & Four Hundred).

4

(2)  If there is a credit balance in the deposits paid by both parties the reimbursement to the Claimant shall first be deducted from the sum so paid before the Claimant seeks recovery from the Respondent.

IN WITNESS WHEREOF we have hereunto set our hands in Hong Kong this 3rd day of March 2009.

| Danny Choi | Philip Yang | Fed Kan |
|---|---|---|
| The Arbitrator | The Arbitrator | The Arbitrator |
| Witnessed by:- | Witnessed by:- | Witnessed by:- |

5